IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00897-CNS

EDDY DESIRE RUKUNDO,

      Petitioner,

v.

DAWN CEJA, Warden of Denver Contract Detention Facility;
ROBERT GAUDIAN, Director, Denver Field Office, U.S. Immigration and Customs Enforcement;
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement;
PAMELA BONDI, U.S. Attorney General; and
KRISTI NOEM, Secretary of the U.S. Department of Homeland Security;

      Respondents.

---

**ORDER**

---

Before the Court is Petitioner's fully briefed Petition for Writ of Habeas Corpus. ECF No. 1. For the reasons set forth below, the Court DENIES WITHOUT PREJUDICE Petitioner's petition.

## I.      BACKGROUND

The Court recites only those facts necessary to resolve the issues that the petition presents. Petitioner was brought into Immigration and Customs Enforcement (ICE) custody on August 27, 2024. *See* ECF No. 1 at 7. An immigration judge (IJ) held a merits hearing on May 20, 2025, regarding Petitioner's asylum application. *See id.* at 8. The IJ issued a decision regarding Petitioner's application that same day, *see id.*, denying

Petitioner's application, *see also* ECF No. 1-1 at 27. The IJ also denied withholding of removal. *See id.* Petitioner appealed these determinations to the Board of Immigration Appeals (BIA). *See* ECF No. 1 at 9. On February 27, 2026, the BIA affirmed the IJ's denial of Petitioner's claims for asylum and Convention Against Torture (CAT) protection, and remanded for the IJ to "reassess [Petitioner's] eligibility for withholding of removal under the [Immigration and Nationality Act] because the [IJ's] basis for denying withholding of removal [was] not sustainable." ECF No. 1-1 at 29.

## II.    ANALYSIS

Central to this case is whether Petitioner's detention is "governed by" 8 U.S.C. § 1226, *see* ECF No. 1 at 11, or whether he is presently detained pursuant to a final order of removal and 8 U.S.C. § 1231(a), *see* ECF No. 10 at 5. The Court agrees with Respondents that, based on the record, Petitioner is subject to a final order of removal and subject to detention under § 1231(a). *See, e.g., id.*

As discussed above, following his appeal to the BIA, the BIA affirmed the IJ's denial of Petitioner's asylum and CAT claims, and remanded solely for the IJ to reassess Petitioner's withholding eligibility. *See* ECF No. 1-1 at 29. "A withholding-only proceeding is a proceeding where 'the only issue is whether the alien may be removed to his home country.'" *Singh v. Blanche, et al.,* No. 26–cv–00601–PAB, 2026 WL 936371, at *2 (D. Colo. Apr. 7, 2026) (quoting *Riley v. Bondi*, 606 U.S. 259, 265 (2025)). "The validity of removal orders is not affected by the grant of withholding-only relief and a noncitizen's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal." *Singh*, 2026 WL 936371, at *2 (quoting

*Johnson v. Guzman Chavez*, 594 U.S. 523, 540 (2021)). Because "an order of removal is administratively final regardless of whether a noncitizen has pending 'withholding only' proceedings," *Singh*, 2026 WL 936371, at *2 (citation modified), the Court concludes that Petitioner's order of removal became final as of February 27, 2026—the date that the BIA affirmed the IJ's asylum and CAT determinations, and remanded only for withholding proceedings. *See also Perez v. Berg*, No. 24–cv–3251 (PAM/SGE), 2025 WL 566884, at *2 (D. Minn. Jan. 6, 2025), *report and recommendation adopted*, No. 24–cv–3251 (PAM/ECW), 2025 WL 566321 (D. Minn. Feb. 20, 2025) ("An order of removal is administratively final regardless of whether a noncitizen has pending 'withholding only' proceedings." (citation modified)). Thus, Petitioner is subject to detention under § 1231. *See Johnson*, 594 U.S. at 533 ("Section 1231 . . . authorizes detention when an alien is ordered removed and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" (citing §§ 1231(a)(1)(A)–(B)).

Accordingly, it does not matter that, in Petitioner's words, the matter is "back before" the IJ. ECF No. 12 at 2. The matter is not "back before" the IJ because the BIA reversed and remanded as to the asylum and CAT determinations. It is only "back before" the IJ as to the removal *withholding* issue, which as the authority above makes clear, does not disturb the finality of the BIA's February 27, 2026 order for § 1231 finality purposes. For this same reason, cases that involve the BIA's reversal of an IJ's *asylum* determination, *see Mahecha-Granados v. Holder*, 324 F. App'x 735, 736 (10th Cir. 2009), are unpersuasive, particularly in light of the Supreme Court's more recent guidance on the issue. *See Johnson*, 594 U.S. at 540 ("Because the validity of removal orders is not

3

affected by the grant of withholding-only relief, an alien's initiation of withholding-only proceedings does not render non-final an otherwise 'administratively final' reinstated order of removal.").

Therefore, because Petitioner's removal order became final on February 27, 2026, the 90-day removal period under § 1231 has not yet expired. The Court thus agrees with Respondents that Petitioner's current length of detention does not amount to a statutory or constitutional violation. *See* ECF No. 10 at 8; *Singh*, 2026 WL 936371, at *3. And because Petitioner has a final order of removal, the Court disagrees with Petitioner that he is detained under—and thus is entitled to relief under—§ 1226. *Compare* ECF No. 1 at 11, *with Singh*, 2026 WL 936371, at *3 ("Because petitioner has a final order of removal, petitioner is detained under 8 U.S.C. § 1231(a), rather than 8 U.S.C. §§ 1225 or 1226." (citation modified)).

\* \* \*

For the reasons set forth above, Petitioner is subject to a final order of removal, is detained pursuant to § 1231, and has been detained for fewer than 90 days. Therefore, the length of his detention does not at this time sustain his constitutional claim for relief. *Cf.* ECF No. 1 at 14. And given the nature of Petitioner's challenge, the Court likewise denies relief on his Administrative Procedure Act claim. *See, e.g., Green v. Rosa, et al.*, No. CV–26–00888–PHX–MTL (ASB), 2026 WL 947942, at *2 (D. Ariz. Apr. 8, 2026); *Nguyen v. Bondi*, No. 2:25–cv–01198 KWR–JMR, 2026 WL 892491, at *10 (D.N.M. Mar. 31, 2026).

Consistent with the above analysis, the Court DENIES WITHOUT PREJUDICE Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1.

DATED this 16th day of April 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge